## In re SPRINGS PLAZA ASSOCIATES, L.P., Debtor.

### Bankruptcy No. 95–136–9P1.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Oct. 18, 1995.

Louis X. Amato, Naples, FL, for Debtor Springs Plaza Associates, L.P.

Virginia Herrero, Miami, FL, for Aetna Life Ins. Co.

## ORDER ON MOTION FOR CONTEMPT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a yet-to-be confirmed Chapter 11 case and the matter presently before the Court is a Motion for Contempt filed by Aetna Life Insurance Company, (Aetna) the holder of a mortgage on the single asset of Springs Plaza Associates, L.P., (Debtor) a shopping center located in Naples, Florida. In its Motion, Aetna seeks the holding of the Debtor in contempt for the failure to comply with this Court's Order Granting Motion to Prohibit or Condition Use of Cash Collateral and Granting Adequate Protection entered on March 8, 1995. According to Aetna, the

 

Debtor has violated this Order by making payments totalling $75,711.00 to the following entities or persons:

National City Bank
Huntington Bank
the Debtor
Matthew Parnell
Developers Diversified Realty Corp.

These entities are not specifically listed on the approved budget attached to the Order, and it is Aetna's position that only those entities listed on the budget may receive payments from the Debtor, and therefore, in making payments to entities not listed on the budget, the Debtor has violated the Order on Cash Collateral. Aetna seeks a recovery of all payments made in contravention of the Order within thirty days, and in the event there is not recovery, dismissal of this case.

In opposition, the Debtor does not dispute that these payments were made, however, it disputes that the payments were unauthorized. In the first place, the Debtor points out that the payment to itself was simply the transfer of funds from one account to another to place in escrow monies for the payment of real property taxes on the shopping plaza. In addition, the Debtor explained that the payment to Huntington Bank was for the purchase of a cashier's check in order to pay Aetna, which was an authorized payment under the Cash Collateral Order. According to the Debtor, the balance of the payments were made by Developers Diversified, the financial manager of the Debtor, who made payments under the terms of the mortgage and not under the terms of the Cash Collateral Order. The Debtor concedes that these payments were in fact unauthorized by the Cash Collateral Order, however, the Debtor contends that the making of the payments, and therefore, the violation of the Order was not willful.

After considering the record, this Court is satisfied that, first, the payments to the Debtor itself and to Huntington Bank are not in contravention of the Cash Collateral Order, and therefore, are not the basis for a finding of contempt. However, the other payments were in fact unauthorized under the Cash Collateral Order, and therefore, this Court is satisfied that the Debtor did violate the cash collateral order and is guilty of civil contempt, however, it should be given an opportunity to purge itself of the contempt by recovering the amounts paid within thirty days from the date of this Order.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Contempt is hereby granted in part and denied in part. The Debtor is hereby held in contempt of court for violating this Court's order dated March 8, 1995 by making payments totalling $19,461.00. The Debtor may purge itself of contempt by refunding to Aetna the sum of $19,461.00 within thirty days from the date of this Order.

DONE AND ORDERED.